**DAVID J. HOLDSWORTH** (4052)

Attorney for Plaintiff

9125 South Monroe Plaza Way, Suite C

Sandy, UT  84070

Telephone (801) 352-7701

Facsimile (801) 567-9960

david_holdsworth@hotmail.com

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| JUANITA BUSHMAN, | : | **VERIFIED COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UTAH VALLEY UNIVERSITY, | : | Case No.  2:14-cv-00748 |
| | : | |
| Defendant. | : | Hon.  Dustin B. Pead |

Juanita Bushman, Plaintiff herein, by and through her counsel of record,

David J. Holdsworth, files her Verified Complaint against the Utah Valley University,

named as Defendant herein, demands trial by jury, and as and for causes of action,

alleges as follows:

### I.  PARTIES

1.      Plaintiff Juanita Bushman (hereinafter "Plaintiff" or "Ms.

Bushman") is a citizen of the United States and a resident of the State of Utah.

2.     The employer named as defendant herein is Utah Valley University.  At all times relevant hereto, Utah Valley University (hereinafter "Defendant" or the "UVU"), employed 15 or more employees in the State of Utah and is subject to Title VII of the Civil Rights Act of 1964, as amended.

3.     On or about April 21, 2014, Ms. Bushman filed a Charge of Discrimination with the Utah Labor Commission and with the U.S. Equal Employment Opportunity Commission in which she alleged that Defendant had discriminated against her based on her religion, and her age and that UVU had retaliated against her after she had engaged in protected activity.

4.     Plaintiff initiated the process to file her Charge of Discrimination within 300 days from the last date of the alleged harm.  Thus, all jurisdictional requirements have been met as required by the Title VII of the Civil Rights Act of 1964, as amended.

## II.  JURISDICTION AND VENUE

5.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination on the basis of religion, pursuant to the Age Discrimination in Employment Act of 1967, as amended, for discrimination of the basis of age, and for retaliation.  Jurisdiction is specifically conferred on this Court by

2

42 U.S.C. § 2000e-5.  Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332, 1367 and 42 U.S.C. § 1981, et. seq.

6.     Venue is properly set in this Court, in that the employment facts, actions, events and decisions Plaintiff alleges herein occurred and the causes of action Plaintiff alleges herein arose in the federal district of Utah.

### III.  STATEMENT OF FACTS AND CLAIMS

### A.     STATEMENT OF FACTS

7.     Plaintiff is a member of the Church of Jesus Christ of Latter-day Saints (Mormon).

8.     Plaintiff is 53 years of age.

9.     Plaintiff alleges that on July 1, 1994, UVU hired her to work as a financial aid specialist; in December 2009, she moved laterally to be an academic adviser.  At all times relevant hereto, Plaintiff was working as an academic adviser in UVU's School of the Arts.

10.     Plaintiff alleges that during her employment, agents of UVU subjected her to harassment and discrimination based on her religion.

11.     Specifically, Plaintiff alleges that a supervisor, Laura McCullough, made unwanted and offensive comments about Ms. Bushman's religion and faith to Ms. Bushman and to others in Ms. Bushman's presence.

12.     Plaintiff alleges that she complained to UVU management about her supervisors' conduct towards her with respect to her religious beliefs and practices in several particulars and on several occasions.  She alleges she first complained in November 2011 and continued to complain thereafter until UVU terminated her employment.

13.     Plaintiff also alleges that she complained to UVU management bout how her supervisor was treating her differently than how it was treating her coworkers and peers.

14.     Plaintiff complained and continued to complain to UVU about what she, in good faith, believed were practices which were discriminatory towards her because of her religion.

15.     Plaintiff alleges that after she began complaining, UVU subjected Ms. Bushman to discrimination and retaliation in various ways, including, but not limited to, accusing Ms. Bushman of failing to maintain a professional work environment, accusing Ms. Bushman of not treating her colleagues, supervisors and other staff members with professional courtesy, and failing to be efficient and productive on the job.

16.     Plaintiff alleges that after she complained, UVU also formally issued discipline to Ms. Bushman on April 26, 2012 and July 9, 2012.

4

17.     Plaintiff alleges that after she continued to complain, UVU continued to retaliate against her by imposing more severe discipline and eventually terminating her employment.  On or about August 7, 2013, Steve Bule, using the discipline Ms. McCullough had issued and the case her supervisor had been building against Ms. Bushman, fired Ms. Bushman.

18.     Plaintiff alleges UVU threatened her, as alleged above, and disciplined her, as alleged above, because she had complained of what she, in good faith, believed were discriminatory practices.  In other words, Plaintiff alleges she engaged in protected activity and, because of doing so, UVU retaliated against her.

19.     On information and belief, Ms. Bushman alleges that after UVU fired Ms. Bushman, UVU replaced her with Dane Abegg, who was significantly younger and less qualified than Ms. Bushman was.

**B.     CLAIMS.**

**A.  Prima Facie Case of Harassment–Religion**

20.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 19 above as if alleged in full herein.

21.     In order to establish a prima facie case of harassment based on religion, Plaintiff must establish that: (1) she is a member of a protected class; (2) the Defendant subjected her to unwelcome and unwanted conduct; (3) the Defendant's

conduct towards Plaintiff at issue was based on Plaintiff's religion; and (4) the harassment complained of was sufficiently severe or pervasive as to alter the terms and conditions of her employment, such as by creating a hostile work environment.

22.     Plaintiff is a practicing member of the Church of Jesus Christ of Latter-day Saints (hereinafter "LDS" or "Mormon") and, thus, she is a member of a protected class.

23.     Plaintiff alleges that, as set forth above, on several occasions and in several ways, agents of UVU subjected Plaintiff to unwelcome and unwanted conduct.

24.     Plaintiff alleges the unwelcome and unwanted conduct complained of was based on her religion.

25.     Plaintiff alleges the conduct at issue was sufficiently severe or pervasive that it altered the terms and conditions of her employment and created a hostile environment in which she had to work.

**B. Prima Facie Case of Discrimination by Disparate Treatment–Religion**

26.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 25 above as if alleged in full herein.

27.     In order to establish a prima facie case of discrimination based on religion, Plaintiff must establish that: (1) she is a member of a protected class; (2) she

was qualified for the position she held; (3) her employer subjected her to one or more adverse employment actions; and (4) the circumstances surrounding the adverse action(s) give rise to an inference of discrimination on the basis of religion.

28.     Plaintiff is a practicing member of the Church of Jesus Chirst of Latter-day Saints and, thus, she is a member of a protected class.

29.     Plaintiff alleges she is qualified for the position she held.  UVU had employed Plaintiff since 1994.  At the time of the events alleged herein, Plaintiff was performing her job in a satisfactory manner.

30.     Plaintiff alleges that, beginning in April 2012, her management began to subject her to several adverse employment actions.

31.     Adverse employment action includes any significant change in employment status, such as hiring, serious discipline, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.  *Piercy v. Makela,* 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting *Hillig v. Rumsfeld,* 381 F.3d 1028, 1032-33 (10th Cir. 2004)).

32.     Plaintiff alleges that, beginning in April 2012, UVU began to subject her to several materially adverse employment actions, including formal discipline.

33.     In April 2012 and in July 2013, UVU disciplined Plaintiff.  Such discipline resulted in significant changes in Ms. Bushman's employment status, job security and job opportunities.  Plaintiff alleges that such adverse action continued and escalated after December 2011 and constituted a continuing violation, which culminated in a termination.  In addition, on August 7, 2013, UVU terminated Ms. Bushman's employment.  Thus, Plaintiff alleges UVU has taken adverse employment actions against her.

34.     Plaintiff alleges her supervisor treated her adversely and disparately because of her religious persuasion, compared to how her supervisor treated her before she complained and how her supervisor treated her compared to other similarly situated employees not of her religion.  Thus, Plaintiff alleges the circumstances surrounding the adverse employment actions give rise to an inference of discrimination on the basis of religion.

**C.  Prima Facie Case of Retaliation**

35.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 34 above as if alleged in full herein.

36.     In order to establish a prima facie case of retaliation, Plaintiff must establish: (1) she engaged in protected opposition to discrimination; (2) UVU subjected Plaintiff to an adverse employment action contemporaneous with or subsequent to the

protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.

37.    A protected activity consists of: "opposing a practice made unlawful by one of the employment discrimination statutes; or filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under the applicable statute." *See* EEOC Compliance Manual, Sec. 8 (May 20, 1998).  Employee opposition to employer conduct is protected if it is based on a good faith belief that Title VII has been violated.

38.    Plaintiff engaged in a protected activity.  Plaintiff engaged in protected activity at various times and in various ways such as when she complained to management about how her immediate supervisor was speaking ill of her religious beliefs and practices and was harassing her and treating her adversely because of her religion.  Plaintiff alleges that she, in good faith, believed that her supervisor was treating her poorly and disparately because of her religion.

39.    Plaintiff alleges that after she engaged in, and because she engaged in, protected activity, UVU subjected Plaintiff to various adverse employment actions, including building a case against her, disciplining her and terminating her employment.

40.     Plaintiff alleges there is a causal connection between her protected activity and the adverse employment actions that UVU thereafter took against her.  She alleges the following supports the inference of such a causal connection:

a.      Plaintiff alleges her protected activity was followed shortly thereafter by various adverse employment actions;

b.      Plaintiff alleges that UVU management treated her somewhat more favorably before she complained than it treated her after she complained;

c.      Plaintiff alleges that UVU management treated her differently, more adversely and disparately after she complained compared to how it has treated similarly situated employees who have not complained.

## IV.  DAMAGES

41.     Ms. Bushman alleges UVU's actions and inactions have caused her various losses, injuries and other damages, including damage to her employment record and career, loss of wages (approximately $39,000 per year) and benefits (medical, dental, life insurance (for herself and her children), 401 (k), State of Utah retirement, tuition benefits (for herself and her children), vacation pay, sick leave, holiday pay, discounts in the community due to status as a UVU employee), frustration, worry, fear and other types of emotional distress.

10

## V.  RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1.  Declaring that UVU harassed and discriminated against Ms. Bushman on the basis of her religion and retaliated against Ms. Bushman on the basis of her protected activity, all in violation of Title VII of the Civil Rights Act;

2.  Awarding Ms. Bushman "make whole" relief, including cancellation and expungement of the disciplinary actions, and awarding her the lost wages and benefits she has lost due to the termination of her employment until she secures comparable employment or a period of five years, whichever occurs first;

3.  Awarding Ms. Bushman compensatory damages for emotional distress, pain and suffering, damage to family relationships, financial problems and stresses, and damage to social relationships;

4.  Awarding Ms. Bushman her reasonable attorney's fees and costs;

5.  Awarding Ms. Bushman such other relief as may be just and equitable.

11

DATED this ___ day of October, 2014.


   /s/ David J. Holdsworth
David J.  Holdsworth
*Attorney for Plaintiff*

VERIFICATION

Juanita Bushman, being first duly sworn, upon her oath, deposes and says that she is the Plaintiff in the above-entitled action, that she has read the foregoing VERIFIED COMPLAINT and understands the contents thereof, and the allegations made therein are true of her own knowledge, except as to those matters alleged on information and belief which she believes to be true.


   /s/ Juanita Bushman                 
Juanita Bushman


SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of October, 2014.


_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:      RESIDING AT: _____

_____